**Glenn Douglas DAVIS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–96–524–CR.**

Court of Appeals of Texas,
Fort Worth.

March 5, 1998.

D. Keith Orsburn, Denton, for Appellant.

Bruce Isaacks, Crim. Dist. Atty., Moira Parro, John Hawkins, Patrick Berry, Asst. Attys., Denton, for Appellee.

Before CAYCE, C.J., and RICHARDS and BRIGHAM, JJ.

## OPINION

CAYCE, Chief Justice.

Glenn Douglas Davis was convicted of felony driving while intoxicated and sentenced to six years in the Institutional Division of the Texas Department of Criminal Justice and fined $1,000. In four points, he contends the trial court erred in overruling his *Batson* challenge, in submitting an issue on whether his vehicle was a "deadly weapon," and, in overruling his motion for mistrial based upon alleged improper jury argument. We will affirm.

Appellant was charged with the offense of felony driving while intoxicated. The record reflects that on September 3, 1996, appellant entered a plea of not guilty. A jury trial immediately followed. At the conclusion of the trial, the court submitted the case to the jury and, over appellant's objections, submitted to the jury the issue of whether appellant's vehicle constituted a "deadly weapon." The jury found appellant guilty, determined that his vehicle did constitute a "deadly weapon" in the commission of this offense, and sentenced him to six years' confinement and imposed a $1,000 fine.

■ In his first and third points, appellant complains of the jury's "deadly weapon" finding. Both appellant and the State contend that under this court's decision in *Williams v. State*, 946 S.W.2d 432 (Tex.App.—Fort Worth 1997, pet. granted) there is no evidence to support a jury finding that his vehicle was a "deadly weapon" as defined by the section 1.07 of the Texas Penal Code.[1] We disagree. In *Williams*, we held that there was no evidence to support the jury's finding of a deadly weapon because there were no other cars on the road where the

offense occurred. *See id.* at 435–36. In this case, however, Officer Blount testified that appellant weaved and drove in the oncoming lane of traffic four or five times, and had to take "evasive action" to avoid hitting another car in the oncoming lane. Therefore, viewing the evidence in the light most favorable to the verdict, and disregarding all evidence to the contrary, we conclude there is sufficient evidence to support the deadly weapon finding in this case. Appellant's first and third points are overruled.

In his second point, appellant contends the trial court erred in overruling his *Batson* challenge because the State allegedly failed to state race neutral reasons for striking two black venirepersons, Evelyn Curry and Bruce Phillips.

■ When reviewing a *Batson* claim on appeal, we must determine whether the trial court's findings were "clearly erroneous" by examining the evidence in the light most favorable to the trial court's ruling. *See Pondexter v. State*, 942 S.W.2d 577, 581 (Tex. Crim.App.1996), *cert. denied,* —— U.S. ——, 118 S.Ct. 85, 139 L.Ed.2d 42 (1997); *Tennard v. State*, 802 S.W.2d 678, 681 (Tex.Crim.App. 1990), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1077 (1991). We will not disturb the trial court's findings absent some evidence in the record to rebut the State's race neutral explanations. *See Pondexter,* 942 S.W.2d at 581; *Chambers v. State,* 866 S.W.2d 9, 25 (Tex.Crim.App.1993), *cert. denied,* 511 U.S. 1100, 114 S.Ct. 1871, 128 L.Ed.2d 491 (1994). Factors to consider include:

> [T]he quantity and quality of either party's examination of the challenged venire member, whether the *Batson* movant cross-examined the counsel who made the peremptory challenge, whether the *Batson* movant rebutted the description of the venire member, whether the *Batson* movant proved that venire members of similar demeanor were not struck, and whether the judge was asked to rule on any conflict of fact.

---

1. A "deadly weapon" is defined as:
   (A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.
TEX. PENAL CODE ANN. § 1.07(a)(17) (Vernon 1994).

*Yarborough v. State,* 947 S.W.2d 892, 896 (Tex.Crim.App.1997).

■ The three-step process used to determine whether race-based peremptory strikes were exercised is: (1) the opponent of a peremptory challenge must make a prima facie case of racial discrimination; (2) the proponent of the peremptory challenge must then provide a race neutral explanation; and (3) the court must then decide whether the opponent of the strike has proven purposeful racial discrimination. *See Purkett v. Elem,* 514 U.S. 765, 767, 115 S.Ct. 1769, 1770–71, 131 L.Ed.2d 834, 839 (1995) (per curiam).

■ Uncontradicted race neutral statements in support of counsel's decision to strike a veniremember will support a trial court's determination on a *Batson* motion. *See Yarborough,* 947 S.W.2d at 895; *Pondexter,* 942 S.W.2d at 581–82; *see also Purkett,* 514 U.S. at 768, 115 S.Ct. at 1771, 131 L.Ed.2d at 839 ("Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral.").

■ In this case, the prosecutor testified that he struck Curry because she was "very vocal," nodded her head affirmatively when another juror stated that she would require scientific evidence of intoxication, and stated that she had a bad experience with police officers that "left such a bad taste in [her] mouth[ ]." The prosecutor explained that he struck Phillips because he did not speak during voir dire and "didn't do anything ... stared straight ahead." The prosecutor's voir dire notes show that he struck or intended to strike other white venirepersons for similar reasons. The appellant offered no evidence controverting the prosecutor's explanations. We hold that the State demonstrated race neutral reasons for exercising its peremptory strikes against Curry and Phillips. Point two is overruled.

■ In his fourth point, appellant contends the trial court erred in overruling his motion for mistrial based on the State's allegedly improper and inflammatory jury argument. During closing arguments, the State argued:

Those chairs may be uncomfortable; but you recall from the voir dire, there's five people who aren't sitting in those chairs that we heard about whose people's cousins, relatives, friends and family members were killed by drunken drivers. We are talking about a serious offense.

The trial court sustained appellant's counsel's objection that this argument was outside the record and granted appellant's counsel's request for an instruction to disregard. However, the court denied appellant's counsel's motion for mistrial.

■ The purpose of closing argument is to facilitate the jury's proper analysis of the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the evidence alone and not on any fact not admitted into evidence. *See Campbell v. State,* 610 S.W.2d 754, 756 (Tex.Crim. App. [Panel Op.] 1980); *Faulkner v. State,* 940 S.W.2d 308, 311 (Tex.App.—Fort Worth 1997, pet. ref'd) (en banc op. on reh'g). To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement. *See Felder v. State,* 848 S.W.2d 85, 94–95 (Tex.Crim.App.1992), *cert. denied,* 510 U.S. 829, 114 S.Ct. 95, 126 L.Ed.2d 62 (1993); *Alejandro v. State,* 493 S.W.2d 230, 231 (Tex. Crim.App.1973). An instruction to disregard improper jury argument is generally sufficient to cure error. *See Dinkins v. State,* 894 S.W.2d 330, 357 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995); *Faulkner,* 940 S.W.2d at 312. The argument must be examined in light of the entire record, and the probable impact the statement may have had on the minds of the jurors must be considered. *See Hernandez v. State,* 819 S.W.2d 806, 820 (Tex.Crim.App.1991), *cert. denied,* 504 U.S. 974, 112 S.Ct. 2944, 119 L.Ed.2d 568 (1992).

Having considered the State's argument in light of the entire record and its probable impact upon the minds of the jury, we find that the court's instruction to disregard cured the harm, if any, caused by the im-

proper jury argument. Appellant's fourth point is overruled.

The judgment of the trial court is affirmed.