COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-340-CR
 
JERRY LEE FLORES                                                                APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                                  STATE 
 
------------
 
FROM THE 
372ND DISTRICT COURT OF TARRANT COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Appellant, Jerry Lee Flores appeals from his conviction of the felony 
offense of driving while intoxicated (DWI). The jury assessed appellant’s 
punishment at life imprisonment. In three points, appellant complains that the 
evidence is legally and factually insufficient to support his conviction and that 
the trial court erred by denying his request for a jury instruction on causation. 
We affirm the trial court’s judgment. 
 
FACTS
        On October 24, 2001, around 1:00 a.m., appellant drove his Dodge car 
(with the headlights off) the wrong way on one of the eastbound lanes of 
Highway 183. At the same time, Jennifer Delabano was traveling eastbound 
on Highway 183 with a passenger seated next to her on the front passenger 
side. Appellant collided with the front passenger side of Delabano’s vehicle, 
which sent her car into a tailspin. Appellant’s car flipped over and landed with 
the driver’s side facing down. Delabano’s car came to rest in the number two 
traffic lane of Highway 183, where it was hit broadside by a Chevy pickup 
truck traveling in that lane. 
        Witnesses who stopped at the scene testified that appellant smelled of 
alcohol and seemed to think he was in Oklahoma. A registered nurse who 
stopped at the scene determined that Delabano was unconscious and that her 
passenger was dead. When emergency personnel arrived, Delabano’s breathing 
was labored and her pulse was weak. Shortly thereafter, Delabano died at the 
scene.
        Meanwhile, a helicopter transported the driver of the pickup truck to a 
hospital. An ambulance took appellant to Harris HEB hospital. At the hospital, 
two blood samples were taken. A nurse took one blood sample approximately 
thirty-five minutes after the accident and took another for the police 
approximately two hours later. Appellant admitted to emergency room
personnel that he had consumed alcohol. His doctor noted that he smelled of
alcohol and had bloodshot eyes. The doctor diagnosed appellant with a closed-head injury, alcohol intoxication, and various contusions. The hospital released
him later that morning. 
        Hospital tests on appellant’s blood sample confirmed that his blood 
alcohol level was 0.172. Tests performed by the Tarrant County Medical 
Examiner on the police sample of appellant’s blood showed that his blood 
alcohol level was 0.154. Tests performed on Jennifer Delabano’s blood 
confirmed that her blood alcohol level was 0.25. 
        The jury found appellant guilty of driving while intoxicated and that the 
use of his car constituted the use of a deadly weapon during the commission 
of the offense. Appellant and the State stipulated that appellant had two prior 
felony convictions (for DWI, in Oklahoma, in 1988 and in 1993). The jury 
sentenced appellant to life imprisonment. This appeal ensued. 
LEGAL AND FACTUAL SUFFICIENCY
        In appellant’s first and second points he complains that the evidence was 
legally and factually insufficient to support his conviction. In reviewing the 
legal sufficiency of the evidence to support a conviction, we view all the 
evidence in the light most favorable to the verdict in order to determine whether 
any rational trier of fact could have found the essential elements of the crime 
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 
2781, 2789 (1979); Burden v. State, 55 S.W.3d 608, 612 (Tex. Crim. App. 
2001). This standard gives full play to the responsibility of the trier of fact to 
resolve conflicts in the testimony, to weigh the evidence, and to draw 
reasonable inferences from basic facts to ultimate facts. Jackson, 443 U.S. at 
319, 99 S. Ct. at 2789. When performing a legal sufficiency review, we may 
not sit as a thirteenth juror, re-evaluating the weight and credibility of the 
evidence and, thus, substituting our judgment for that of the fact finder. 
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), cert. denied, 
529 U.S. 1131 (2000). 
        In reviewing the factual sufficiency of the evidence to support a 
conviction, we are to view all the evidence in a neutral light, favoring neither 
party. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. 
State, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996). Evidence is 
factually insufficient if it is so weak as to be clearly wrong and manifestly 
unjust or the adverse finding is against the great weight and preponderance of 
the available evidence. Johnson, 23 S.W.3d at 11. Therefore, we must 
determine whether a neutral review of all the evidence, both for and against the 
finding, demonstrates that the proof of guilt is so obviously weak as to 
undermine confidence in the verdict, or the proof of guilt, although adequate if 
taken alone, is greatly outweighed by contrary proof. Id. In performing this 
review, we are to give due deference to the fact finder’s determinations. Id. at 
8-9; Clewis, 922 S.W.2d at 136. We may not substitute our judgment for that 
of the fact finder’s. Johnson, 23 S.W.3d at 12. Consequently, we may find 
the evidence factually insufficient only where necessary to prevent manifest 
injustice. Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 
(Tex. Crim. App. 1997). 
        To make a determination of factual insufficiency, a complete and detailed 
examination of all the relevant evidence is required. Johnson, 23 S.W.3d at 
12. A proper factual sufficiency review must include a discussion of the most 
important and relevant evidence that supports the appellant’s complaint on 
appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 
        The jury convicted appellant of felony DWI and use of a deadly weapon 
during the commission of a felony. Under the penal code, a person commits 
the offense of driving while intoxicated if “the person is intoxicated while 
operating a motor vehicle in a public place.” Tex. Penal Code Ann. § 49.04(a) 
(Vernon 2003). A DWI conviction is a felony if the offender has been convicted 
of a DWI or similar offense two times before. Id. § 49.09(b). Intoxicated means 
“not having the normal use of mental or physical faculties by reason of the 
introduction of alcohol . . . or . . . having an alcohol concentration of 0.08 or 
more.” Id. § 49.01(2)(A), (B). The burden of proof is on the prosecution to 
prove all elements beyond a reasonable doubt. Id. § 2.01. 
        Appellant argues that the State did not meet its burden of proof. We 
disagree. Appellant was the registered owner of the Dodge Spirit that drove 
the wrong way down the airport freeway the morning of October 24, 2001. 
It is undisputed that after the accident, the man driving the Dodge Spirit was 
taken to the hospital where he was identified as appellant Jerry Lee Flores, born 
on September 30, 1956, and residing at 1205 Wood Lane in Arlington, Texas. 
Highway 183 is a public highway. 
        With regard to intoxication, appellant’s blood was tested twice at two 
different labs. Both tests revealed that appellant’s blood alcohol level exceeded 
the 0.08 legal limit. Based upon the tests, one taken approximately thirty-five 
minutes after the accident and one taken approximately two hours after the 
accident, a toxicologist testified that a person with 0.172 and 0.154 blood 
alcohol levels would have been intoxicated at the time of the accident. 
Moreover, witnesses testified that appellant smelled of alcohol and showed 
signs of intoxication. Hospital personnel testified that appellant admitted 
drinking alcohol prior to the accident and noted that he smelled of alcohol and 
had bloodshot eyes. Thus, the evidence supports the jury’s finding of 
intoxication under either statutory definition of “intoxicated.” See id. § 
49.01(2)(A), (B). Therefore, we conclude that the evidence was legally and 
factually sufficient for a reasonable jury to find that appellant drove the Dodge 
Spirit while intoxicated (in a public place). 
        Because appellant stipulated that he was twice before convicted of DWI 
in the State of Oklahoma, the conviction is a felony. See id. § 49.09(b). We 
hold that the evidence was legally and factually sufficient to support appellant’s 
DWI felony conviction, and overrule appellant’s first and second points. 
JURY CHARGE ERROR 
         In appellant’s third point, he complains that the trial court erred by 
denying his request for a jury instruction on causation. Appellate review of 
error in a jury charge involves a two-step process. Abdnor v. State, 871 
S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, we must determine 
whether error occurred. If so, we must then evaluate whether sufficient harm 
resulted from the error to require reversal. Id. at 731-32. Error in the charge, 
if timely objected to in the trial court, requires reversal if the error was 
“calculated to injure [the] rights of the defendant,” which means no more than 
that there must be some harm to the accused from the error. Tex. Code Crim. 
Proc. Ann. art. 36.19 (Vernon 1981); see also Abdnor, 871 S.W.2d at 731-32; 
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g). 
In other words, a properly preserved error will call for reversal as long as the 
error is not harmless. Almanza, 686 S.W.2d at 171. In making this 
determination, “the actual degree of harm must be assayed in light of the entire 
jury charge, the state of the evidence, including the contested issues and 
weight of probative evidence, the argument of counsel and any other relevant 
information revealed by the record of the trial as a whole.” Id.; see also Ovalle 
v. State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000). 
        An accident reconstructionist testified that appellant caused the accident 
and that his intoxication contributed to it. He also testified that Delabano 
would not have been able to avoid the accident and that she was likely unable 
to see appellant’s vehicle until it was within one to two seconds of impact. 
        Appellant argued throughout the trial that the court should allow him to 
present evidence of Delabano’s blood alcohol level and other theories on 
causation of the accident. The trial court denied his requests, and reminded 
appellant that it was a DWI trial. 
        The trial court properly denied appellant’s requested instruction on 
causation because causation was not an element of the offense of driving while 
intoxicated. See Tex. Penal Code Ann. § 49.04(a). In a DWI case, the State 
is not required to prove who caused an accident or caused any victim’s death. 
Thus, no instruction on causation was required because causation is irrelevant 
to the offense of DWI. See Daniel v. State, 577 S.W.2d 231, 234 (Tex. Crim. 
App. [Panel Op.] 1978) (holding that absent evidence that anyone other than 
the defendant caused the victim’s death, no causation instruction was 
required). Thus, we hold that the court did not err in denying appellant’s 
requested instruction on causation. 
        Appellant further argues that the State’s case was a manslaughter case 
in disguise, which entitles him to a jury instruction on causation of the accident. 
In support of his theory, appellant contends that inclusion of the deadly weapon 
charge showed that the case was really a prosecution for manslaughter. He 
claims that a deadly weapon finding is appropriate with regard to causation in 
a manslaughter case, but not in a felony DWI case. Appellant ignores, 
however, the precedent established by Mann v. State, 13 S.W.3d 89 (Tex. 
App.—Austin 2000) (op. on reh'g), aff’d, 58 S.W.3d 132 (Tex. Crim. App. 
2001). 
        In Mann v. State, the jury convicted the defendant of felony DWI, his 
third offense. 13 S.W.3d at 90, 92. The jury entered an affirmative finding on 
the use of defendant’s car as a deadly weapon. Id. at 90. The court held that 
the fact that the defendant almost hit another car head on, while driving under 
the influence, was enough evidence to support a deadly weapon finding. Id. at 
92. The court noted that all felonies are susceptible to an affirmative deadly 
weapon finding for the purposes of community supervision and limitation of 
parole eligibility. Id. The Texas Court of Criminal Appeals affirmed, holding 
that Texas law authorizes a deadly weapon finding in a prosecution for DWI, 
third offense. Mann, 58 S.W.3d at 132. 
        To be considered a deadly weapon, the manner of the car’s use, or its 
intended use, must be capable of causing death or serious bodily injury. Tex. 
Penal Code Ann. § 1.07(17)(B). The evidence showed appellant drove his car 
(with the lights off) the wrong way down the highway and collided head on 
with Delabano’s car. Delabano and her passenger were both killed in the 
accident. Even if the deaths had not occurred, the fact that appellant was 
intoxicated when he drove his car the wrong way on Highway 183, without his 
headlights on, is sufficient to support a deadly weapon finding. See Mann, 13 
S.W.3d at 92; see also Davis v. State, 964 S.W.2d 352, 354 (Tex. App.—Fort 
Worth 1998, no pet.). 
 

 We conclude, therefore, that there was sufficient 
evidence for a reasonable jury to find that appellant used his car in a manner
capable of causing death and to support the deadly weapon finding.
        Additionally, appellant argues that the car was an intrinsic element of the 
offense of DWI and therefore cannot be “used” in furtherance of any other 
felony. Appellant reasons that use of the car as an element of DWI cannot be 
the basis for the deadly weapon finding. We reject appellant’s argument. The 
jury’s affirmative deadly weapon finding affects sentencing, community 
supervision eligibility, and limitation of parole eligibility. See Tex. Code Crim. 
Proc. Ann. art. 42.12, § 3g (Vernon Supp. 2003). 
        Therefore, because Texas law clearly authorizes a deadly weapon finding 
in a prosecution for a third DWI offense, Mann, 58 S.W.3d at 132, a deadly 
weapon special issue does not require a jury charge on causation, nor does it 
require a charge on only manslaughter. Appellant’s third point is overruled. 
        Having overruled all of appellant’s points, we affirm the trial court’s 
judgment.
 
                                                                  TERRIE LIVINGSTON 
                                                                  JUSTICE
 
PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: November 6, 2003