FLORES V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-340-CR

JERRY LEE FLORES APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372
ND
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant, Jerry Lee Flores appeals from his conviction of the felony offense of driving while intoxicated (DWI).  The jury assessed appellant’s punishment at life imprisonment.  In three points, appellant complains that the evidence is legally and factually insufficient to support his conviction and that the trial court erred by denying his request for a jury instruction on causation.  We affirm the trial court’s judgment.

FACTS

On October 24, 2001, around 1:00 a.m., appellant drove his Dodge car (with the headlights off) the wrong way on one of the eastbound lanes of Highway 183.  At the same time, Jennifer Delabano was traveling eastbound on Highway 183 with a passenger seated next to her on the front passenger side.  Appellant collided with the front passenger side of Delabano’s vehicle, which sent her car into a tailspin.  Appellant’s car flipped over and landed with the driver’s side facing down.  Delabano’s car came to rest in the number two traffic lane of Highway 183, where it was hit broadside by a Chevy pickup truck traveling in that lane.

Witnesses who stopped at the scene testified that appellant smelled of alcohol and seemed to think he was in Oklahoma.  A registered nurse who stopped at the scene determined that Delabano was unconscious and that her passenger was dead.  When emergency personnel arrived, Delabano’s breathing was labored and her pulse was weak.  Shortly thereafter, Delabano died at the scene.

Meanwhile, a helicopter transported the driver of the pickup truck to a hospital.  An ambulance took appellant to Harris HEB hospital.  At the hospital, two blood samples were taken.  A nurse took one blood sample approximately thirty-five minutes after the accident and took another 
for the police approximately two hours later.  Appellant admitted to emergency room personnel that he had consumed alcohol.
  His doctor noted that he smelled of alcohol and had bloodshot eyes.  The doctor diagnosed appellant with a closed-head injury, alcohol intoxication, and various contusions.  The hospital released him later that morning.  

Hospital tests on appellant’s blood sample confirmed that his blood alcohol level was 0.172.  Tests performed by the Tarrant County Medical Examiner on the police sample of appellant’s blood showed that his blood alcohol level was 0.154.  Tests performed on Jennifer Delabano’s blood confirmed that her blood alcohol level was 0.25.

The jury found appellant guilty of driving while intoxicated and that the use of his car constituted the use of a deadly weapon during the commission of the offense.  Appellant and the State stipulated that appellant had two prior felony convictions (for DWI, in Oklahoma, in 1988 and in 1993
).  
The jury sentenced appellant 
to life imprisonment.  This appeal ensued.

LEGAL AND FACTUAL SUFFICIENCY

In appellant’s first and second points he complains that the evidence was legally and factually insufficient to support his conviction.  In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations. 
 Id.
 at 8-9; 
Clewis, 
922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

To make a determination of factual insufficiency, a complete and detailed examination of all the relevant evidence is required.  
Johnson
, 23 S.W.3d at 12.  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

The jury convicted appellant of felony DWI and use of a deadly weapon during the commission of a felony.  Under the penal code, a person commits the offense of driving while intoxicated if “the person is intoxicated while operating a motor vehicle in a public place.”  
Tex. Penal Code Ann.
 § 49.04(a) (Vernon 2003).  A DWI conviction is a felony if the offender has been convicted of a DWI or similar offense two times before.
 
 Id. 
§ 49.09(b). Intoxicated means “not having the normal use of mental or physical faculties by reason of the introduction of alcohol . . . or . . . having an alcohol concentration of 0.08 or more.”
  
Id.
 
§ 49.01(2)(A), (B).  The burden of proof is on the prosecution to prove all elements beyond a reasonable doubt.  
Id.
 § 2.01.

Appellant argues that the State did not meet its burden of proof.  We disagree.  Appellant was the registered owner of the Dodge Spirit that drove the wrong way down the airport freeway the morning of October 24, 2001.   It is undisputed that after the accident, the man driving the Dodge Spirit was taken to the hospital where he was identified as appellant Jerry Lee Flores, born on September 30
, 1956, and residing at 1205 Wood Lane in Arlington, Texas. Highway 183 is a public highway.

With regard to intoxication, appellant’s blood was tested twice at two different labs.  Both tests revealed that appellant’s blood alcohol level exceeded the 0.08 legal limit.  Based upon the tests, one taken approximately thirty-five minutes after the accident and one taken approximately two hours after the accident, a toxicologist testified that a person with 
0.172 and 0.154
 blood alcohol levels would have been intoxicated at the time of the accident.  Moreover, witnesses testified that appellant smelled of alcohol and showed signs of intoxication.  Hospital personnel testified that appellant admitted drinking alcohol prior to the accident and noted that he smelled of alcohol and had bloodshot eyes.
 
 Thus, the evidence supports the jury’s finding of intoxication under either statutory definition of “intoxicated.”  
See
 
id. 
§ 49.01(2)(A), (B).  Therefore, we conclude that the evidence was legally and factually sufficient for a reasonable jury to find that appellant drove the Dodge Spirit while intoxicated (in a public place).    

Because appellant stipulated that he was twice before convicted of DWI in the State of Oklahoma, the conviction is a felony.  
See
 
id. 
§ 49.09(b).  We hold that the evidence was legally and factually sufficient to support appellant’s DWI felony conviction, and overrule appellant’s first and second points.

JURY CHARGE
 
ERROR  

 In appellant’s third point, he complains that the trial court erred by denying his request for a jury instruction on causation.  Appellate review of error in a jury charge involves a two-step process.  
Abdnor v. State
, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error occurred.  If so, we must then evaluate whether sufficient harm resulted from the error to require reversal. 
 Id.
 at 731-32.  Error in the charge, if timely objected to in the trial court, requires reversal if the error was “calculated to injure [the] rights of the defendant,” which means no more than that there must be 
some
 harm to the accused from the error.  
Tex. Code Crim. Proc. Ann
. art. 36.19 (Vernon 1981); 
see also Abdnor
, 871 S.W.2d at 731-32; 
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g).  In other words, a properly preserved error will call for reversal as long as the error is not harmless.  
Almanza
, 686 S.W.2d at 171.  In making this determination, “the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.”  
Id.
; 
see also Ovalle v. State
, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).

An accident reconstructionist testified that appellant caused the accident and that his intoxication contributed to it.  He also testified that Delabano would not have been able to avoid the accident and that she was likely unable to see appellant’s vehicle until it was within one to two seconds of impact. 

Appellant argued throughout the trial that the court should allow him to present evidence of Delabano’s blood alcohol level and other theories on  causation of the accident.  The trial court denied his requests, and reminded appellant that it was a DWI trial. 

The trial court properly denied appellant’s requested instruction on causation because causation was not an element of the offense of driving while intoxicated.  
See
 
Tex. Penal Code Ann.
 § 49.04(a).  In a DWI case, the State is not required to prove who caused an accident or caused any victim’s death.  Thus, no instruction on causation was required because causation is irrelevant to the offense of DWI. 
 See Daniel v. State
, 577 S.W.2d 231, 234 (Tex. Crim. App. [Panel Op.] 1978) (holding that absent evidence that anyone other than the defendant caused the victim’s death, no causation instruction was required).  Thus, we hold that the court did not err in denying appellant’s requested instruction on causation.

Appellant further argues that the State’s case was a manslaughter case in disguise, which entitles him to a jury instruction on causation of the accident.  In support of his theory, appellant contends that inclusion of the deadly weapon charge showed that the case was really a prosecution for manslaughter. He claims that a deadly weapon finding is appropriate with regard to causation in a manslaughter case, but not in a felony DWI case.  Appellant ignores, however, the precedent established by 
Mann v. State
, 
13 S.W.3d 89 (Tex. App.—Austin 2000) (op. on reh'g), 
aff’d
, 58 S.W.3d 132 (Tex. Crim. App. 2001). 

In 
Mann v. State
, the jury convicted the defendant of felony DWI, his third offense.  
13 S.W.3d at 90, 92.  The jury entered an affirmative finding on the use of defendant’s car as a deadly weapon.  
Id.
 at 90.  The court held that the fact that the defendant almost hit another car head on, while driving under the influence, was enough evidence to support a deadly weapon finding.  
Id. 
at 92.  The court noted that all felonies are susceptible to an affirmative deadly weapon finding for the purposes of community supervision and limitation of parole eligibility.  
Id.  
The Texas Court of Criminal Appeals affirmed, holding that Texas law authorizes a deadly weapon finding in a prosecution for DWI, third offense.  
Mann
, 58 S.W.3d at 132. 

To be considered a deadly weapon, the manner of the car’s use, or its intended use, must be capable of causing death or serious bodily injury.
  
Tex. Penal Code Ann
. 
§ 1.07(17)(B).  The evidence showed appellant drove his car (with the lights off) the wrong way down the highway and collided head on with Delabano’s car.  Delabano and her passenger were both killed in the accident.  Even if the deaths had not occurred, the fact that appellant was intoxicated when he drove his car the wrong way on Highway 183, without his headlights on, is sufficient to support a deadly weapon finding.  
See Mann
, 13 S.W.3d at 92; 
see also Davis v. State
, 964 S.W.2d 352, 354 (Tex. App.—Fort Worth 1998, no pet.).
(footnote: 2)  We conclude, therefore, that there was sufficient evidence for a reasonable jury to find that appellant used his car in a manner capable of causing death and to support the deadly weapon finding.

Additionally, appellant argues that the car was an intrinsic element of the offense of DWI and therefore cannot be “used” in furtherance of any other felony.  Appellant reasons that use of the car as an element of DWI cannot be the basis for the deadly weapon finding.  We reject appellant’s argument.  The jury’s affirmative deadly weapon finding affects sentencing, community supervision eligibility, and limitation of parole eligibility.  
See
 Tex. Code Crim. Proc. Ann.
 art. 42.12, § 3g (Vernon Supp. 2003).  

Therefore, because Texas law clearly authorizes a deadly weapon finding in a prosecution for a third DWI offense,  
Mann
, 58 S.W.3d at 132, a deadly weapon special issue does not require a jury charge on causation, nor does it require a charge on only manslaughter.  Appellant’s third point is overruled.

Having overruled all of appellant’s points, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 6, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4
.

2:
This court held in 
Davis
 
that sufficient evidence supported jury's finding that defendant's vehicle constituted a "deadly weapon" when the defendant weaved, drove into a lane of oncoming traffic four or five times, and had to take evasive action to avoid hitting oncoming car
.  
Davis
, 964 S.W.2d at 354.