ACCEPTED
06-15-00059-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/11/2015 11:24:05 AM
DEBBIE AUTREY
CLERK

# IN THE COURT OF APPEALS FOR THE
# SIXTH DISTRICT OF TEXAS AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/11/2015 12:19:00 PM
DEBBIE AUTREY
Clerk

**STATE OF TEXAS,**
APPELLEE

§
§
§
§
§
§
§

v.

06-15-00059-CR

No. 06-14-00059-CR

**JAMES WAYNE WALSH,**
APPELLANT

## STATE'S REPLY BRIEF

FROM THE 196TH DISTRICT COURT
HUNT COUNTY, TEXAS
TRIAL CAUSE NUMBER 28,919
THE HONORABLE ANDREW BENCH, JUDGE PRESIDING

**NOBLE DAN WALKER, JR.**
District Attorney
Hunt County, Texas

**G CALVIN GROGAN V**
Assistant District Attorney
P. O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403
(903) 408-4180
FAX (903) 408-4296
State Bar No. 24050695

# TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................2
INDEX OF AUTHORITIES ..............................................................................3
STATEMENT OF CASE .....................................................................................5
ISSUES
PRESENTED......................................................................................5
SUMMARY OF STATE'S ARGUMENTS ......................................................5
STATEMENT OF FACTS ...................................................................................6
EVIDENCE WAS LEGALLY SUFFICIENT TO PROVE APPELLANT
EVADED ARREST WITH A VEHICLE..........................................................9
    STANDARD OF
    REVIEW..................................................................................9

STRONG CIRCUMSTANTIAL EVIDENCE....................................................10

EVADING ARREST IS A CONTIUNOUS OFFENSE.......................................12

EVIDENCE WAS LEGALLY SUFFICIENT TO PROVE APPELLANT'S
USED MOTOR VEHICLE AS A DEADLY WEAPON .......................................13

STANDARD OF REVIEW.................................................................................13

OFFICER'S IN-CAR VIDEO.............................................................................13

PRAYER..............................................................................................................14

CERTIFICATE OF SERVICE...........................................................................15

# INDEX OF AUTHORITIES

Federal Cases
*Jackson v. Virginia*, 443 U.S. 307 (1987) .............................................................. 9

Texas Cases
*Boutwell v. State*, 719 S.W.2d 164, 180 (Tex. Crim. App. 1985) ....................... 11
*Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) ........................... 9
*Cates v. State*, 102 S.W.3d 735, 739 (Tex. Crim. App. 2003) ........................... 10
*Davis v. State*, 964 S.W.2d 352, 354 (Tex. App. – Fort Worth 1998, no pet.) .... 11
*Earls v. State*, 707 S.W.2d 82, 85 (Tex.Crim.App.1986) .................................... 10
*Geesa v. State*, 820 S.W.2d 154, 158 (Tex. Crim. App. 1991) ............................ 9
*Hernandez v. State*, 13 S.W.3d 78, 80 (Tex. App. – Texarkana 2000) ................ 11
*Hobbs v. State*, 175 S.W.3d 777, 781 (Tex. Crim. App. 2005) ........................... 12
*Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003, en banc) .......... 9
*Williams v. State*, 970 S.W.2d 566 (Tex. Crim. App. 1998) .............................. 11

Texas Statutes
TEX. Penal Code § 1.07(17)(A) (Vernon 2013) .................................................. 13
TEX. Penal Code § 38.04(a) (Vernon 2013) ....................................................... 10

# IN THE COURT OF APPEALS FOR THE
# SIXTH DISTRICT OF TEXAS AT TEXARKANA

| | | |
|---|---|---|
| **THE STATE OF TEXAS,** | § | |
| APPELLEE | § | |
| | § | |
| v. | § | **No. 06-14-00059-CR** |
| | § | |
| **JAMES WAYNE WALSH,** | § | |
| APPELLANT | § | |

---

## STATE'S REPLY BRIEF

---

TO THE HONORABLE COURT OF APPEALS:

NOW COMES the State of Texas, Appellee, in this appeal from Cause No. 28,919 in the 196th District Court in and for Hunt County, Texas, Honorable Andrew Bench, Presiding, now before the Sixth District Court of Appeals, and respectfully submits this its brief to the Sixth District Court of Appeals.

## Statement of the Case

Appellant was indicted for Evading Arrest Using a Vehicle on March 22, 2013, and arraigned on May 8, 2013. CR Vol.1.p.4. After several continuances, Appellant was found guilty by a jury on February 11, 2015, and sentenced to forty-five years in the Texas Department of Corrections. CR Vol.1.p.5. The jury also made an affirmative deadly weapon finding. CR Vol.1.p.45. Appellant gave written notice of appeal on February 17, 2015. CR Vol.1.p.53.

## ISSUE PRESENTED

**Issue 1. Was the Evidence Legally Sufficient to Prove Appellant Evaded Arrest in a Motor Vehicle?**

**Issue 2: Was the Evidence Legally Sufficient to Prove Appellant Used a Motor Vehicle as a Deadly Weapon?**

## SUMMARY OF THE ARGUMENT

1. When the strong circumstantial evidence is viewed in a light most favorable to the State, a rational juror could have found all the elements of Evading Arrest in a Motor Vehicle proven beyond a reasonable doubt.

2. When Officer Wooldridge's in-car video is viewed in a light most favorable to the State, a rational juror could have found beyond a

5

reasonable doubt the Appellant used the pickup truck in a manner that could have caused death or serious bodily injury.

## Statement of the Facts

On February 11, 2013, around 5:00 p.m. in the late afternoon, Ricky Nelson observed a suspicious person near his commercial property. RR Vol.4.p.30. Upon closer inspection, Mr. Nelson believed the man was trying to steal a loaded utility trailer by hooking it up to a pickup truck. RR Vol.4.pp.32, 40. At no time did Mr. Nelson ever see another person around or in the suspicious pickup truck. RR Vol.4.pp.33, 44. Mr. Nelson identified the suspicious person as being shorter than 5'11". RR Vol.4.p.33. Mr. Nelson gave short pursuit in his vehicle until he was able to flag down a Greenville Patrol Car on Moulton Street. RR Vol.4.pp.34, 47. After Mr. Nelson pointed out the suspicious vehicle and explained what he had observed, Greenville Police Officer Bobby Woolridge immediately spotted the suspect in a tan Ford pickup truck driving through a nearby retail parking lot. RR Vol.4.pp.35, 47, 50; State's Exhibit No. 15. Officer Woolridge pulled into the parking lot and got directly behind the tan pickup truck. RR Vol.4.p.51. Officer Woolridge's in-car video equipment began recording thirty seconds prior to the activation of the overheard lights. RR Vol.4.p.51; State's Exhibit No. 21. After pulling onto the service road, Officer

Woolridge activated his sirens but the tan Ford pickup truck continued moving forward. RR Vol.4.p.52. After committing several traffic violations, the tan Ford pickup truck entered the onramp for Interstate 30 ("IH-30") westbound traffic. RR Vol.4.p.53. Eventually, Officer Woolridge observed the tan Ford pickup truck drive through the grass median until it got onto the IH-30 service road. RR Vol.4.p.54. Officer Woolridge saw the tan Ford pickup truck head northbound on Davis Circle, a residential street that had no exit. RR Vol.4.pp.56-7. To avoid getting stuck in the mud and knowing the pickup truck could not escape, Officer Woolridge drove further up IH-30 until it was safe to turn around. RR Vol.4.p.56.

During the chase, which lasted over a minute and included driving on Interstate 30 at a high rate of speed, several innocent motorists had to take evasive action to avoid harm's way. The chase ended because the tan Ford pickup truck got stuck in a ditch behind a residence on Davis Circle. RR Vol.4.p.58; State's Exhibit No. 4. Although Officer Woolridge lost sight of the suspect vehicle for approximately two minutes, he relocated the vehicle and requested backup assistance. RR Vol.4.p.61. While Officer Woolridge waited for backup to arrive, he saw Appellant leaning into the driver's side of the tan Ford pickup truck. RR Vol.4.p.62. Officer Woolridge believed

7

Appellant was removing items from the pickup truck. RR Vol.4.p.62.

Officer Woolridge also described the suspect as short. RR Vol.4.p.67. After

Officer Woolridge gave verbal commands to stop, Appellant took off

running. RR Vol.4.p.67. Similar to Mr. Nelson, at no time did Officer

Woolridge ever see more than one person inside the tan Ford pickup truck.

RR Vol.4.pp.52, 67.


Once other Greenville Police Officers arrived, a perimeter was setup

near the area the Appellant was last seen. After spending thirty minutes

canvassing the nearby neighborhood, Greenville Police Officers Phillip

Spencer and Sgt. Eric Camp came upon a shed in a residential backyard. RR

Vol.4.pp.72, 135. Officer Spencer tracked foot shoeprints through the mud,

which led him to the shed. RR Vol.4.pp.144-5. Appellant was found inside

the shed and taken into custody. RR Vol.4.pp.73, 94; State's Exhibit Nos.

18&19. According to the arresting officers, Appellant was hiding inside the

shed, and officers used a show of force to get him into custody. RR

Vol.4.pp.133, 165. The shed was about 200 yards away from the stuck tan

Ford pickup truck. RR Vol.4.p.69. Police also found documentation linking

Appellant to the suspect vehicle during their evidence collection at the crime

scene. RR Vol.4.p.93; State's Exhibit No. 8.

# ARGUMENT

## 1. Evidence was Legally Sufficient to Prove Appellant Evaded Arrest in a Motor Vehicle

### a. Standard of Review

When reviewing legal sufficiency of the evidence, the Courts review all the evidence in a light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the charged offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Jackson v. Virginia*, 443 U.S. 307, 319 (1987). The standard of review is the same for both direct evidence and circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154, 158 (Tex. Crim. App. 1991). "While each piece of evidence lacked strength in isolation, the consistency of the evidence and the reasonable inferences drawn therefrom, provide the girders to strengthen the evidence and support a rational jury's finding the elements beyond a reasonable doubt." *Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). To prove Evading Arrest in a Motor Vehicle, the State had to prove beyond a reasonable doubt that Appellant intentionally fled from a person he knows is

a peace officer attempting to lawfully detain or arrest him. TEX. PEN. CODE Sec. 38.04(a) (Vernon 2013).

### b. Strong Circumstantial Evidence

Appellant's sole contention at trial and on appeal is that he was not driving the tan Ford pickup truck on February 11, 2013, and that the State failed to prove his identity as the driver of the tan Ford pickup truck. "Evidence as to the identity of a perpetrator of an offense can be proved by either direct or circumstantial evidence." *Earls v. State,* 707 S.W.2d 82, 85 (Tex.Crim.App.1986).

Officer Woolridge tried to investigate into Mr. Nelson's suspicions further by turning on his overheads and siren, but the tan Ford pickup truck refused to stop. Neither Mr. Nelson nor Officer Woolridge ever saw more than one person operating the tan Ford pickup truck on February 11, 2013. Both witnesses described the pickup truck driver as being short.

Officer Woolridge saw Appellant removing items from the vehicle. RR Vol.4.p.112. Instead of complying with Officer Woolridge's command to stop, Appellant took off running. However, Appellant left behind identifying information near the pickup truck that was later collected by police. "Facts occurring before and after an offense can....be relevant

circumstantial evidence of the offense charged." *Cates v. State*, 102 S.W.3d 735, 739 (Tex. Crim. App. 2003).

In *Hernandez*, this Court found facts very similar to be legally sufficient to prove the Appellant was operating a motor vehicle while intoxicated. *Hernandez v. State*, 13 S.W.3d 78, 80 (Tex. App. – Texarkana 2000). In *Hernandez*, Appellant was placed by witnesses, immediately after the accident, on the driver's side of a pickup truck which belonged to him. *Id.*

There are several possible motives for Appellant's actions that day: 1) Mr. Nelson caught Appellant trying to steal a utility trailer, 2) David Coulson testified that he discovered his tan Ford pickup truck missing only a few hours earlier, and he did not know the Appellant nor give him permission to use it that day. RR Vol.4.pp.23-4, and 3) State's Exhibit No. 8 shows Appellant was on parole and in a stolen vehicle. A person's motive to commit a particular crime can help with identification issues. *Boutwell v. State*, 719 S.W.2d 164, 180 (Tex. Crim. App. 1985). All of these illegal acts leading up to the evading arrest showed a plan by the Appellant.

There is no logical explanation why the Appellant's personal belongings would be near Mr. Coulson's truck unless he removed it from inside the truck. The vehicle license plates did not match up with the registration sticker, another indicator Appellant had tried to hide the vehicle's stolen

11

identity from law enforcement. RR Vol.4.p.150. The most reasonable explanation why Appellant tried to remove the personal items was because the truck was stolen, he was on parole, and he had been operating it.

Based upon all this circumstantial evidence, and without any logical explanation to prove otherwise, a rational juror could have found all the essential elements of evading arrest in a motor vehicle proven beyond a reasonable doubt.

### c. Felony Evading Arrest is a Continuing Offense

Appellant's actions after he took off running from Officer Woolridge was evidence the jury could have considered in deciding whether he evaded arrest in a motor vehicle. Evading arrest is a continuing offense from the beginning of pursuit until apprehension. *Hobbs v. State*, 175 S.W.3d 777, 781 (Tex. Crim. App. 2005).

When Appellant was apprehended at the nearby shed, Officer Woolridge identified Appellant as the person who ran from him at the ditch. RR Vol.4.p.112. There is no other logical explanation why Appellant evaded on foot except that he was also the person who evaded in the Ford pickup truck.

## 2. Evidence Was Legally Sufficient to Prove Appellant Used Motor Vehicle as a Deadly Weapon

### a. Standard of Review

Deadly Weapon is defined as a firearm or anything manifestly designed, made, or adapted use for the purpose of inflicting death or serious bodily injury; or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX. PEN. CODE Sec. 1.07(17)(a)-(b) (Vernon 2013). Although a motor vehicle is not considered deadly weapon per se, it has many times been found to be used as a deadly weapon. *See Williams v. State*, 970 S.W.2d 566 (Tex. Crim. App. 1998); *Davis v. State*, 964 S.W.2d 352, 354 (Tex. App. – Fort Worth 1998, no pet.). "To sustain a deadly weapon finding requires evidence that others were endangered, and not merely a hypothetical potential for danger if others had been present." *Mann v. State*, 13 S.W.3d 89, 92 (Tex. App. – Austin 2000). Appellant's intent to use the motor vehicle as a deadly weapon is not required. *Mann v. State*, 58 S.W.3d 132 (Tex. Crim. App. 2001) ; *Mann v. State*, 13 S.W.3d at 92.

### b. Officer's In-car Video Best Evidence

While Appellant argued that Officer Woolridge's own testimony proved Appellant did not use the pickup truck as a deadly weapon, later Woolridge

clarified his answer after watching his in-car video by stating Appellant quite possibly used the vehicle as a deadly weapon." RR Vol.4.p.104. Although none of the innocent motorists on the public roadways were identified, their evasive driving can be seen in State's Exhibit No. 21. *See* State's Exhibit No. 21. At least two vehicles shared a lane of traffic with Appellant's pickup truck as he tried to evade from Officer Woolridge, and one vehicle took evasive action on the onramp to IH-30 by driving on the shoulder.

## PRAYER

The State prays that the jury's findings be affirmed as there was no reversible error.

Respectfully submitted,

NOBLE DAN WALKER, JR.
**District Attorney**
**Hunt County, Texas**

_____
G CALVIN GROGAN V
**Assistant District Attorney**

14

P. O. Box 441
4th Floor, Hunt County
Courthouse
Greenville, TX 75403
State Bar No. 24050695
(903) 408-4180
FAX (903) 408-4296

## CERTIFICATE OF COMPLIANCE WITH T.R.A.P. 9.4(i)(3)

Relying on Microsoft Word's word count feature used to create the State's Reply Brief, I certify that the number of words contained in this brief is 2,490 and the typeface used is 14Font.

**G CALVIN GROGAN V**
Assistant District Attorney

## CERTIFICATE OF SERVICE

**A true copy of the State's brief has been mailed via first-class mail to Jason Duff, Appellee's attorney of record, today, August 11, 2015, pursuant to Texas Rules of Appellate Procedure.**

**G CALVIN GROGAN V**
Assistant District Attorney