Edwin Harris MANN, Appellant,

v.

The STATE of Texas.

No. 387–00.

Court of Criminal Appeals of Texas.

Oct. 3, 2001.

## OPINION

HOLCOMB, J., delivered the opinion of the Court, in which KELLER, P.J., and WOMACK, KEASLER, and HERVEY, JJ., joined.

The question presented in this case is whether Texas law authorizes a deadly weapon finding in a prosecution for driving while intoxicated (DWI), third offense. We hold that it does.

A Williamson County grand jury indicted appellant, Edwin Harris Mann, for driving while intoxicated, third offense. See Tex. Pen.Code § 49.09(b). The case went to trial before a petit jury. At the guilt/innocence stage of trial, the State presented evidence that on February 14, 1997, appellant drove an automobile through downtown Round Rock while he was intoxicated. The State also presented evidence that appellant's vehicle nearly hit another vehicle head-on and that a collision was avoided only because the other driver took evasive action. The jury subsequently found appellant guilty and also found that he used a deadly weapon, namely an automobile, during the commission of the offense.[1] The jury assessed appellant's punishment, enhanced by two prior non-DWI felony convictions, at imprisonment for fifty years.

On direct appeal, appellant argued, *inter alia,* that Texas Code of Criminal Procedure article 42.12, § 3g(a)(2), did not authorize a deadly weapon finding in any prosecution for driving while intoxicated. The Third Court of Appeals rejected appellant's argument and affirmed the judgment of the trial court. *Mann v. State,* 13 S.W.3d 89, 91–92 (Tex.App.—Austin 2000). We granted the first ground in appellant's petition for discretionary review to determine whether the Court of Appeals erred. See Tex.R.App. Proc. 66.3(b).

We have reviewed that part of the Court of Appeals' opinion dealing with the merits of appellant's deadly weapon claim and find it to be sound. We therefore adopt that part of the opinion as our own without further comment. See *Makeig v. State,* 830 S.W.2d 956 (Tex.Crim.App.1992); *Manning v. State,* 773 S.W.2d 568 (Tex. Crim.App.1989).

We overrule appellant's ground for review and affirm the judgment of the Court of Appeals.

JOHNSON, J., delivered an opinion concurring in the judgment of the Court,

1. Texas Code of Criminal Procedure article 42.12, § 3g(a)(2), provides in relevant part that a trier of fact to may make, upon sufficient evidence, an "affirmative finding" "that a deadly weapon as defined in Section 1.07, Penal Code, was used or exhibited during the commission of a felony offense or during immediate flight therefrom, and that the defendant used or exhibited the deadly weapon."

Texas Penal Code § 1.07(a)(17) provides, in turn, that a "deadly weapon" is, in relevant part, "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." A deadly weapon finding limits a defendant's eligibility for community supervision and parole. See Tex.Code Crim. Proc. art. 42.12, § 3g(a)(2); Tex. Gov't Code §§ 508 .145, 508.149 & 508.151.

in which opinion PRICE and COCHRAN, JJ., joined. MEYERS, J., dissented without written opinion.

JOHNSON, J., filed a concurring opinion, in which PRICE and COCHRAN, JJ., joined.

I concur in the judgment only. I write separately to question the application of our holding in *Tyra v. State*, 897 S.W.2d 796 (Tex.Crim.App.1995), outside of its original context. In *Tyra*, we held that a deadly-weapon finding was appropriate for a defendant who was convicted of what is now called intoxication manslaughter.[1] We did so because "it is reasonably clear that driving an automobile constitutes the use of it and that driving it in a manner capable of causing death or serious bodily injury constitutes it a deadly weapon." *Id.* at 798. By their very natures, intoxication manslaughter and intoxication assault will always authorize a deadly-weapon finding because there is always death or serious bodily injury. That is, *Tyra* effectively authorizes any and all cases of intoxication manslaughter and intoxication assault to be enhanced through a deadly-weapon finding once the statutory elements of the offense have been established.

However, I question any reading of *Tyra* or of our statutes that authorizes a deadly weapon finding for any and all DWI convictions based *solely* on the statutory elements of the offense. Such a reading allows use of a finding for cases such as the sleepy drunk who drinks, drives, stops for the first stoplight, falls asleep at the wheel, and is arrested some time later by a passing police officer who stops to investigate why the car sat through six changes of the light. Or the intoxicated driver who, properly stopped at a stoplight, is struck by a car whose driver is fleeing from police, with the result that the intoxicated driver's passenger is killed. While driving an automobile does indeed constitute use, the act of driving does not necessarily constitute driving in "a manner capable of causing death or serious bodily injury," thereby making the automobile a deadly weapon.

This case shares with *Tyra* the circumstance that appellant was intoxicated and operating a motor vehicle. That circumstance, in and of itself, should not be enough to authorize a finding of the use of a deadly weapon. We have previously held that a deadly-weapon finding is not authorized for an allegation of possession of a firearm; since the possession of a firearm is the gravamen of the offense, the mere possession cannot be used to both to charge the offense and to enhance the punishment. *See, e.g., Narron v. State*, 835 S.W.2d 642, 644 (Tex.Crim.App.1992) (possession of prohibited weapon); *Ex parte Petty*, 833 S.W.2d 145, 145–6 (Tex. Crim.App.1992) (felon in possession of firearm); *see also Tyra*, 897 S.W.2d at 799–802 (Baird, J., concurring). In cases of DWI, operation of a motor vehicle while intoxicated is the gravamen of the offense; the mere operation of that vehicle should not be permitted to be used to both charge the offense and enhance the punishment.

---

1. The statute at issue in *Tyra,* former § 19.05(a)(2) of the Texas Penal Code, provided that "[a] person commits an offense if he ... by accident or mistake when operating a motor vehicle, airplane, helicopter, or boat while intoxicated and, by reason of such intoxication, causes the death of an individual." This offense is currently covered by § 49.08(a), which provides:

> A person commits an offense if the person:
> (1) operates a motor vehicle in a public place, operates an aircraft, a watercraft, or an amusement ride, or assembles a mobile amusement ride; and
> (2) is intoxicated and by reason of that intoxication causes the death of another by accident or mistake.

I believe that in cases which charge DWI only, and not intoxication assault or intoxication manslaughter, each case must be examined on its own facts to determine if a deadly-weapon finding is appropriate.

In the instant case, appellant was convicted of felony DWI. *See* TEX. PEN.CODE §§ 49.04(a) & 49.09(b). During its case-in-chief, the state elicited testimony that "[a]s appellant approached a curve at Trinity Nursing Home, [he] drove his vehicle in a straight line and 'almost hit another vehicle head-on. The reason he didn't was because the [other] driver took evasive action.'" *Mann v. State,* 13 S.W.3d 89, 91 (Tex.App.—Austin 2000). Thus, under the specific facts established in this case, I believe that the jury was authorized to find that appellant had "used or exhibited a deadly weapon." *See* TEX. PEN.CODE § 1.07(a)(17); *McCain v. State,* 22 S.W.3d 497 (Tex.Crim.App.2000). I therefore concur in the judgment.