NO. 07-09-0020-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 30, 2009
______________________________

JEREMY WADE PUE, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant

v.

THE STATE OF TEXAS, 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
_________________________________

FROM THE 207TH DISTRICT COURT OF COMAL COUNTY;

NO. CR2008-214; HON. CHARLES RAMSAY, PRESIDING
_______________________________

Memorandum Opinion
______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Jeremy Wade Pue appeals his conviction for evading arrest with a vehicle. He
contends that the evidence was legally and factually insufficient to support the juryâs finding
that he used a deadly weapon in the commission of the offense. We affirm.
Background
Â Â Â Â Â Â Â Â Â Â Appellant was observed speeding by a police officer. The latter attempted to stop
him and activated his lights and siren for that purpose. In response, appellant sped up to
approximately 132 miles per hour, ran several stop lights, wove in and out of traffic,
âpassed other vehicles on the wrong side of the road,â and ânearly sideswipedâ another
vehicle in attempt to evade the police. Cars were âhaving to pull over and get out of the
way . . . .â Other officers joined in the pursuit which resulted in their placing spikes on the
roadway. Though appellant ran over the spikes and suffered a punctured tire, he
continued driving on a wheel rim. He was ultimately apprehended and charged with
evading arrest while using or exhibiting a deadly weapon. A jury thereafter convicted him
of that offense. 
Analysis
Â Â Â Â Â Â Â Â Â Â The well-established standards by which we review sufficiency complaints are
discussed in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979),
Watson v. State, 204 S.W.3d 404 (Tex. Crim. App. 2006), and their progeny. We need not
address them here. Suffice it to say that their application at bar, according to appellant,
would reveal that the jury improperly found that he used or exhibited a deadly weapon
during his commission of the crime. We disagree. 
Â Â Â Â Â Â Â Â Â Â The Texas Penal Code defines a âdeadly weaponâ as âanything manifestly designed,
made, or adapted for the purpose of inflicting death or serious bodily injury; or . . . anything
that in the manner of its use or intended use is capable of causing death or serious bodily
injury . . . .â Tex. Pen. Code Ann. Â§1.07(a)(17)(A) & (B) (Vernon Supp. 2008). Here, the
deadly weapon appellant allegedly used or exhibited was a motor vehicle. Authority holds
that such a mechanism can be a deadly weapon when its use or exhibition actually
endangers life, i.e. when it does more than simply present a mere potential for endangering
others. Cates v. State, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003), citing Mann v. State,
13 S.W.3d 89, 92 (Tex. App.âAustin 2000), affâd, 58 S.W.3d 132 (Tex. Crim. App. 2001). 
It was the latter requirement, according to appellant, which the State failed to prove. That
is, he posited that the evidence at bar did nothing more than show his driving to be a mere
potential or hypothetical threat of endangerment. Yet, that appellant engaged in a 25 mile
and 12 minute effort to evade police, almost âsideswipedâ another vehicle, wove in and out
of traffic, ran stop signs, crossed into the âwrong laneâ of traffic to pass vehicles, traveled
at speeds approximating 132 mph on local roads, drove on a wheel rim once the tire was
punctured, drove recklessly according to one officer, ânearly lost control [of his vehicle] a
couple of times around curves or going into the other lane of traffic,â passed three cars at
the same time at one point, swerved to pass other motorists, and drove at high speeds
around blind curves is some evidence upon which a rational jury could conclude, beyond
reasonable doubt, that his vehicle actually endangered others. See Drichas v. State,175
S.W.3d 795, 798 (Tex. Crim. App. 2005) (holding evidence of the vehicle driving on the
wrong side of the highway as legally sufficient to support a deadly weapon finding); see
also Davis v. State, No. 07-04-0104-CR, 2005 Tex. App. Lexis 9745 (Tex. App.âAmarillo
November 22, 2005, pet. refâd) (not designated for publication) (holding that evidence of
appellantâs ignoring a stop sign and driving through an intersection without stopping, driving
through a residential area at speeds up to 60 miles per hour, and continuously ignoring the
patrol carâs emergency lights was legally sufficient evidence to support the finding that he
used his vehicle as a deadly weapon). Moreover, so finding neither evinced manifest
injustice nor undermined our confidence in the proceeding given the entire record. 
Consequently, the deadly weapon finding enjoys the support of both legally and factually
sufficient evidence. 
Â Â Â Â Â Â Â Â Â Â Appellantâs issues are overruled, and the judgment is affirmed. 
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Â 
Do not publish.



jury's verdict. Sims v. State, 99 S.W.3d 600, 603
(Tex.Crim.App. 2003). Cognizant that we are to consider all evidence in a neutral light in
conducting a factual sufficiency review, we are not, however, required to discuss all
evidence admitted at trial. See id. See also Roberts v. State, 221 S.W.3d 659, 665
(Tex.Crim.App. 2007).

 The jury is the exclusive judge of the facts. Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 2007) & art. 38.04 (Vernon 1979). As a reviewing court, we must always remain
cognizant of the jury's role and unique position in evaluating credibility and demeanor of
witnesses and giving weight to contradictory testimonial evidence. Johnson v. State, 23
S.W.3d 1, 8-9 (Tex.Crim.App. 2000). Reconciliation of conflicts in the evidence is within
the exclusive province of the jury. Margraves v. State, 34 S.W.3d 912, 919 (Tex.Crim.App.
2000). Unless the record clearly demonstrates a different result is appropriate, we must
defer to the jury's determination. Johnson, 23 S.W.3d at 8. 

Sex Offender Registration


 Chapter 62 of the Texas Code of Criminal Procedure governs sex offender
registration. The sex offender registration laws took effect on September 1, 1991. 
However, effective September 1, 1997, the Legislature made the registration requirements
apply retroactively to any person with a "reportable conviction or adjudication" occurring on
or after September 1, 1970. (7) See Tex. Code Crim. Proc. Ann. art. 62.002(a). Article 62.051(a) provides that a person who has a reportable conviction shall
register with the local law enforcement authority in any municipality where the person
resides or intends to reside for more than seven days. Tex. Code Crim. Proc. Ann. art.
62.051(a) (Vernon 2006). Article 62.055(a) provides that if a person required to register
intends to change address, that person shall, not later than the seventh day before the
intended change, report in person to the local law enforcement authority designated as the
person's primary registration authority and provide that authority with the person's
anticipated move date and new address. Tex. Code Crim. Proc. Ann. art. 62.055(a)
(Vernon Supp. 2009). A person commits a felony offense when he is required to register
and fails to comply with any requirement of chapter 62. Tex. Code Crim. Proc. Ann. art.
62.102(a) (Vernon 2006). 


Legal Sufficiency Analysis
 

 Through the custodian of records for the Texas Department of Criminal Justice-Institutional Division, the State proved that, on October 22, 1991, Appellant was convicted
of the aggravated sexual assault of a child. The offense was alleged to have occurred on
or about March 25, 1991. Aggravated sexual assault of a child is a reportable conviction. 
See Tex. Code Crim. Proc. Ann. art. 62.001(5)(A). Accordingly, Appellant falls within the
class of offenders subject to the registration requirements of chapter 62. 

 A copy of the judgment of conviction was admitted into evidence, and the trial court
took judicial notice that it is the type of offense that qualifies as a reportable conviction for
purposes of chapter 62, subjecting Appellant to the requirements of sex offender
registration. The State also introduced a copy of Appellant's signed pre-release notification
form explaining to Appellant the registration requirements upon his release from prison and
his duty to register.

 According to Lieutenant Davis, the custodian of records for the sex offender
registration in Canyon, Appellant registered with the Canyon Police Department on July 28,
2006. At that time, Appellant gave his address as 1003 3rd Avenue, Canyon, Texas. 
Appellant also complied with his annual verifications. 

 The evidence established that Appellant moved to Clovis, New Mexico on February
6, 2008, intending to enter a six-month rehabilitation program. Although Appellant did
register with the appropriate law enforcement authority upon arriving in Clovis, he failed to
report his intended change of address to the Canyon Police Department, in person, seven
days prior to his intended move. See Tex. Code Crim. Proc. Ann. art. 62.055(a). After
realizing that the rehabilitation program in Clovis did not suit Appellant, he returned to
Canyon and on February 11th asked his previous employer for a job. (8) When he was
arrested on February 14th he told the arresting officer that he resided at 1003 3rd Avenue
in Canyon. Using February 14th as the latest arrival date in Canyon, his re-registration with
the Canyon Police Department on February 22, 2008, was outside the seven day period
provided by article 62.051(a)(1). 

 Appellant insists that the State failed to prove he intentionally or knowingly violated
the requirements of sex offender registration. We disagree. Circumstantial evidence of
intent must be reviewed with the same scrutiny as other elements of an offense. Laster,
275 S.W.3d at 519-20. (9) Regarding Count I of the indictment, Appellant intended to be in
Clovis for a six-month program and did not report in person to the Canyon Police
Department at least seven days prior to his intended change of address. Evidence of his
intent to move to Clovis is demonstrated by the fact that he took his belongings and
immediately registered as a sex offender in Clovis. As for Count II, the evidence shows
that when Appellant was arrested on February 14th, he told Officer Savage he was living
at 1003 3rd Avenue in Canyon. However, he waited at least eight days to register with the
Canyon Police Department. This evidence sufficiently establishes that Appellant acted
intentionally. See Tex. Penal Code Ann. § 6.03(a) (Vernon 2003). 

 Viewing the foregoing facts in a light most favorable to the prosecution, we conclude
that a rational jury could have found the essential elements of each charged offense
beyond a reasonable doubt. Concluding the evidence is legally sufficient to support
Appellant's conviction, we must now determine whether it is factually sufficient.Factual Sufficiency Analysis 

 As stated previously, the facts established the following chronology of Appellant's
whereabouts:


 February 6, 2008 - Appellant travels to Clovis, New Mexico, for a six-month rehabilitation program operated by his Uncle, Joe Padilla;
 February 7, 2008 - Appellant registers with the Curry County Sheriff's
Office and provides 407 L. Casillas, Clovis, New Mexico 88101, the
address of the rehabilitation center, as his address;



 February 9, 2008 - Appellant temporarily in Canyon to talk to his
family about the rehabilitation program;
 February 11, 2008 - Appellant voluntarily leaves the rehabilitation
program; Appellant meets with the manager of the Pizza Hut in
Canyon to request employment;
 February 14, 2008 - Appellant is arrested by Canyon Police Officer
Aaron Savage and provides the address of 1003 3rd Avenue,
Canyon, Texas during the booking process;



 February 15, 2008 - Appellant's brother-in-law posts bond; 



 February 16, 2008 - Appellant resumes living with his sister and
brother-in-law at 1003 3rd Avenue in Canyon;
 February 22, 2008 - Appellant reports to the Canyon Police
Department and registers 1003 3rd Avenue, Canyon, Texas, as his
residence.



 According to the chronology of events, Appellant never reported in person, as
required by article 62.055(a), to the Canyon Police Department that he intended to move
to Clovis. Appellant's address during the gap between February 11th and 14th is
uncertain. However, at the time of his arrest in Canyon on February 14th, he claimed to
be living at 1003 3rd Avenue in Canyon. Assuming Appellant had "arrived" in Canyon by
that date, he was required to register by February 21st. Consequently, Appellant's
registration with the Canyon Police Department on February 22nd fell outside the statutory
seven days to register and was not in compliance with article 62.051(a)(1). Viewing the
evidence in a neutral light, we cannot conclude that Appellant's conviction is clearly wrong
or manifestly unjust. The evidence demonstrates that Appellant failed to comply with
certain requirements of the sex offender registration program.

 Conclusion


 We conclude the evidence embraces all the essential elements of the charged
offense and is legally and factually sufficient to support Appellant's conviction. Issues one
through six are overruled. Accordingly, the trial court's judgment is affirmed. 

 Patrick A. Pirtle

 Justice



Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Tex. Code Crim. Proc. Ann. art. 62.102(a) (Vernon 2006).
3. During the punishment phase, evidence was presented that Appellant actually lived
at a different address in Canyon before moving in with his sister and brother-in-law.
4. See Tex. Code Crim. Proc. Ann. art. 62.055(a).
5. See Tex. Code Crim. Proc. Ann. art. 62.051(a).
6. Although we combine the standard of review for sufficiency of the evidence, for
purposes of our analysis, we will not combine the discussions. See Laster, 275 S.W.3d 
at 519. "[D]etermining the legal and factual sufficiency of evidence requires the
implementation of separate and distinct standards." Id. quoting Johnson v. State, 23
S.W.3d 1, 7 (Tex.Crim.App. 2000). Courts and litigants should not combine their legal and
factual sufficiency analyses. Laster, 275 S.W.3d at 519.
7. See Act of June 1, 1997, 75th Leg., R.S., ch. 668, Â§ 1, 1997 Tex. Gen. Laws 2253,
2260.
8. It is not clear in the record where Appellant resided on February 11, 2008.
9. Abrogating a less stringent review of the element of intent previously authorized by
Margraves v.State, 34 S.W.3d 912, 919 (Tex.Crim.App. 2000).