**AFFIRM; and Opinion Filed December 19, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01462-CR

**ZACHARY RICO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F16-31352-H**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Fillmore

Zachary Rico was charged by indictment with murder. The jury found Rico guilty, and assessed punishment of life imprisonment. In a single issue, Rico contends the trial court erred in admitting extraneous offense evidence in the punishment phase without conducting a hearing on its admissibility. We affirm the trial court's judgment.

### PROCEDURAL BACKGROUND

Rico was charged with murder, entered a plea of not guilty, and was found guilty by a jury. The evidence at trial showed that Rico attended a Halloween party, and lost six "heated" games of "beer pong" to Jacob Vidaurri, the victim, and Vidaurri's beer pong partner. During the game, Rico periodically lifted his shirt, revealing he was carrying a handgun. Subsequently, Rico and others were drinking whiskey. Rico placed his gun on the table, and the others asked him to put it away. Vidaurri left the house and went outside with a friend who wanted to smoke a cigarette.

Rico followed them outside and "bragg[ed] about [his gun] and kept pulling it out." Rico was acting aggressively; Vidaurri was not. Rico ejected the gun clip, held the unloaded gun against Vidaurri's temple, and pulled the trigger. Rico told Vidaurri he would not fight with his fists; he would "just use this pistol." Rico reinserted the clip into the gun, and asked Vidaurri if he was afraid to die. Vidaurri said no, and Rico shot Vidaurri in the head, killing him. Vidaurri was not armed, did not provoke Rico, and was "trying to diffuse the situation."

Prior to trial, the State filed an amended notice of extraneous offenses. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37; TEX. R. EVID. 404(b). The amended notice of extraneous offenses included the following act: "On 09/30/2016, the Defendant threatened Jimmy Diaz DeLeon with an AR-15 demanding to know where his pistol was."[1]

Rico did not testify during the guilt or punishment phases of the trial. During the punishment phase of the trial, the State offered evidence of extraneous offenses included on its amended notice of extraneous offenses. Among other witnesses, the State called DeLeon to testify. DeLeon testified that in September 2016, Rico "show[ed] up unexpectedly" at DeLeon's birthday party, to which Rico had not been invited. After the party, when DeLeon was asleep, Rico returned to DeLeon's residence and knocked on the door. DeLeon "thought it was one of [his] friends," so he opened the door and saw Rico "there with an assault rifle." At that point, Rico's counsel requested "a 403 hearing" outside of the presence of the jury.[2] After an off-the-record conference at the bench, the trial court denied the request, and, on defense counsel's request, allowed a running objection to DeLeon's testimony.

---

[1] The State's amended notice of extraneous offenses included other acts against five additional individuals, four of whom, among others, testified at the punishment phase of the trial. On appeal, Rico challenges only the trial court's ruling with respect to the testimony of DeLeon.

[2] Texas Rule of Evidence 403 provides, in part, that relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. TEX. R. EVID. 403.

Following the trial court's ruling, DeLeon continued to testify. According to DeLeon, the assault rifle "looked like" an "AR-15," that "had a bunch of add-ons to it." "[T]he magazine had a window in it," and he "could see the rounds." DeLeon testified "it was a fully-loaded magazine" with thirty rounds in it. Rico asked DeLeon, "[w]here's my gun?" Uninvited, Rico stepped into DeLeon's house and demanded that DeLeon help him look for his handgun, which he evidently believed he left at the house during the party. Rico followed directly behind DeLeon as they walked through the house. DeLeon testified he could hear Rico "messing with the safety" of the assault rifle, "clicking" it on and off, and asked Rico to stop. They did not locate Rico's handgun. DeLeon and Rico went outside and walked up the street to Rico's parked car and back to the house, where Rico told DeLeon "he would be back in 20 minutes and [DeLeon] better have his pistol." Rico also threatened to "beat [DeLeon's] ass." When Rico opened the door to his vehicle, he "found his gun on the floorboard and drove off." DeLeon testified he was "scared" and "afraid for his safety" during the incident.

Without objection, the trial court read its charge to the jury. The trial court's charge regarding punishment included the following language:

> You are instructed that if there is any testimony before you in this case regarding the Defendant having committed offenses or bad acts other than the offense of which you have found the Defendant guilty, you may not consider such evidence unless you find and believe beyond a reasonable doubt that the Defendant committed such offenses or bad acts, if any.
>
> The burden is upon the prosecution to prove such extraneous offenses or bad acts beyond a reasonable doubt. The prosecution's proof must exclude all "reasonable doubt" concerning the extraneous offense or bad act. Therefore, if you find and believe beyond a reasonable doubt that the Defendant committed an extraneous offense or bad act, then you may consider such evidence in assessing the Defendant's punishment. If you do not so find, or you have a reasonable doubt as to whether the Defendant committed an extraneous offense or bad act, then you may not consider such evidence, if any, in assessing punishment.

The jury assessed punishment of life imprisonment.

*Standard of Review and Applicable Law*

We review the trial court's decision to admit extraneous offense evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Mitchell v. State*, 931 S.W.2d 950, 953 (Tex. Crim. App. 1996). Evidence may be offered during the punishment phase concerning "any matter the court deems relevant to sentencing, including but not limited to . . . evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act." TEX. CODE CRIM. PROC. ANN. art. 37.07, §3(a)(1). While the trial court maintains authority to decide threshold issues of admissibility of extraneous offenses, the jury decides whether the State has met its burden of proof with respect to those offenses. *Mitchell*, 931 S.W.2d at 953.

*Analysis*

On appeal, Rico does not contend the State failed to prove the extraneous offense beyond a reasonable doubt. He argues only that the trial court abused its discretion by admitting DeLeon's testimony without first holding a hearing and receiving a proffer of DeLeon's testimony. When evidence is offered under section 3(a)(1) of article 37.07, the trial court must make a threshold determination of admissibility and may not admit extraneous-offense evidence unless the evidence is such that a jury could rationally find the defendant criminally responsible for the extraneous offense. *Smith v. State*, 227 S.W.3d 753, 759–60 (Tex. Crim. App. 2007). When deciding the preliminary question of admissibility of extraneous-offense evidence, the trial court may rely on a proffer of evidence, motions, pretrial hearings, and the trial, including bench conferences. *Palomo v. State*, 352 S.W.3d 87, 92–94 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (citing *Arzaga v. State*, 86 S.W.3d 767, 781 (Tex. App.—El Paso 2002, no pet.)). No formal hearing is required

prior to a trial court's decision to admit extraneous-offense evidence. *See Welch v. State*, 993 S.W.2d 690, 697 (Tex. App.—San Antonio 1999).[3] By holding a bench conference in response to Rico's request for a rule 403 hearing, Rico was provided an opportunity to argue against admissibility of the extraneous-offense evidence. Since the bench conference was not recorded, we cannot know a proffer of DeLeon's testimony was not made, nor can we know the specific arguments made by the parties in support of and against admission of the evidence. However, the record clearly shows the trial court performed a threshold inquiry and implicitly found DeLeon's testimony admissible by denying Rico's request for a hearing, granting him a running objection to its admission, and allowing DeLeon to testify. *See Mann v. State*, 13 S.W.3d 89, 94 (Tex. App.—Austin 2000) ("While the trial court made no express ruling on the admissibility of the extraneous offenses, its denial of appellant's request for a hearing following the State's proffer constitutes an implied ruling of admissibility"), *aff'd*, 58 S.W.3d 132 (Tex. Crim. App. 2001). Neither statute nor case law requires a hearing prior to a trial court's decision to admit extraneous-offense evidence. *Mann*, 13 S.W.3d at 94; *Welch*, 993 S.W.2d at 697. We therefore conclude the trial court did not abuse its discretion in allowing DeLeon to testify without holding a "403 hearing" as requested by defense counsel.

---

[3] *See also Ibarra v. State*, No. 05-00-00170-CR, 2001 WL 856589, at *2 (Tex. App.—Dallas July 31, 2001, no pet.) (not designated for publication).

We resolve Rico's issue against him.  We affirm the trial court's judgment.


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


Do Not Publish
Tex. R. App. P. 47

171462F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ZACHARY RICO, Appellant

No. 05-17-01462-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F16-31352-H.
Opinion delivered by Justice Fillmore, Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of December, 2018.