**Affirmed and Opinion Filed May 8, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-23-00361-CR

## MATTHEW BRADLEY SMITH, Appellant
## V.
## THE STATE OF TEXAS, Appellee

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F22-00362-W**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Smith
Opinion by Justice Partida-Kipness

The trial court convicted Appellant Matthew Bradley Smith of driving while intoxicated (DWI), a third-degree felony due to Smith's prior DWI convictions. TEX. PENAL CODE § 49.09(b)(2). The court included a deadly-weapon finding and sentenced Smith to ten years' imprisonment. TEX. CODE CRIM. PROC. art. 42A.054(b)–(c). In a single issue on appeal, Smith asserts the evidence is legally insufficient to support the deadly-weapon finding. We affirm.

## BACKGROUND

At approximately 1:30 a.m. on February 29, 2020, Michael Larranaga was driving from downtown Dallas toward Irving along Interstate Highway 35 when Smith's truck nearly sideswiped him. Smith drove in front of Larranaga and pushed him to the shoulder. Then, Smith almost hit several other cars, crossed multiple traffic lanes, and forced another car off the road. Upon witnessing Smith's dangerous driving, Larranaga called 911.

Sergeant James McLellan of the Irving Police Department responded to the 911 call. McLellan pulled behind Smith on State Highway 183, and dash-camera video showed Smith's truck weave over traffic lane lines and strike concrete barriers. Sergeant McLellan then performed a traffic stop. Videos from McLellan's dash-camera and body-camera showed Smith emerge from his truck unsteady and seemingly impaired. According to McLellan, Smith appeared "terribly" drunk. Upon investigation, Smith's blood alcohol level was 0.204 g/100ml—more than twice the legal limit. TEX. PENAL CODE § 49.01(2)(B) ("intoxicated" means "having an alcohol concentration of 0.08 or more").

Smith was arrested and indicted for DWI, a third-degree felony based on Smith's two prior DWI convictions. TEX. PENAL CODE § 49.09(b)(2). The indictment included an enhancement that Smith's vehicle was used as a deadly weapon during the commission of the offense. A bench trial ensued. Smith entered an open plea of

guilty to the DWI offense and a plea of not guilty in response to the deadly-weapon enhancement.

Relevant here, the State's evidence included testimony from witness Larranaga, Sergeant McLellan, and Dallas Police Detective Jason Massey, who offered testimony regarding the deadly-weapon issue. Other witnesses testified as to Smith's involvement in a separate incident in January 2022 during which a pedestrian was struck and killed by a vehicle in the Deep Ellum neighborhood of Dallas. Finally, several witnesses for the State and defense testified as to Smith's character and criminal history. After hearing the evidence, the trial court found Smith guilty of DWI in the third degree with a deadly-weapon enhancement. The court sentenced Smith to ten years' imprisonment.

## STANDARD OF REVIEW

In determining whether the evidence is sufficient to support a conviction, we must consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979)). When facts support

conflicting inferences, the reviewing court must presume the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution. *Id.* (citations omitted).

When assessing the sufficiency of the evidence on a deadly-weapon finding, we review the record to determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found beyond a reasonable doubt the vehicle was used or exhibited as a deadly weapon. *Couthren v. State*, 571 S.W.3d 786, 789 (Tex. Crim. App. 2019).

**ANALYSIS**

In a single issue, Smith argues the evidence is legally insufficient to support the trial court's deadly-weapon finding regarding Smith's vehicle. We disagree.

**I.     Deadly-Weapon Findings**

In any felony offense in which it is shown the defendant "used or exhibited [a] deadly weapon," the trial court "shall" enter a deadly-weapon finding in the judgment. *Moore v. State*, 520 S.W.3d 906, 908 (Tex. Crim. App. 2017); TEX. CODE CRIM. PROC. art. 42A.054(b)–(c). A deadly-weapon finding impacts a convicted felon's eligibility for community supervision, parole, and mandatory supervision. *Moore*, 520 S.W.3d at 908 (citing TEX. GOV'T CODE §§ 508.145(d)(1), 508.149(a)(1), & 508.151(a)(2)).

To sustain a deadly-weapon finding, the evidence must demonstrate: (1) the object meets the statutory definition of a dangerous weapon, TEX. PENAL CODE §

–4–

1.07(a)(17)(B); (2) the deadly weapon was used or exhibited "during the transaction from which" the felony conviction was obtained; and (3) other people were put in actual danger. *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005).

To justify a deadly-weapon finding under Section 1.07(a)(17)(B), the State need not establish the use or intended use of an implement actually caused death or serious bodily injury, only that "the manner" in which it was either used or intended to be used was "*capable*" of causing death or serious bodily injury. *Moore*, 520 S.W.3d at 908 (quoting *Tucker v. State*, 274 S.W.3d 688, 691 (Tex. Crim. App. 2008) (emphasis added)). There must be evidence others were actually endangered, not "merely a hypothetical potential for danger if others had been present." *Id.* (quoting *Mann v. State*, 13 S.W.3d 89, 92 (Tex. App.—Austin 2000), *opinion adopted*, 58 S.W.3d 132 (Tex. Crim. App. 2001)). The statute does not require that the actor actually intend death or serious bodily injury. *Id.* (citing *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000); *Pruett v. State*, 510 S.W.3d 925, 928 (Tex. Crim. App. 2017)).

An automobile is not "manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury." *Moore*, 520 S.W.3d at 908 (quoting TEX. PENAL CODE § 1.07(a)(17)(A)). However, it may, "in the manner of its use or intended use be capable of causing death or serious bodily injury." *Id.* (quoting TEX. PENAL CODE § 1.07(a)(17)(B)). Thus, an automobile can be a deadly weapon if it is driven so as to endanger lives. *Id.*

For example, in *Mann v. State* the Austin Court of Appeals confronted the question of whether an automobile may be found to constitute a deadly weapon in a felony DWI case in which no one was injured. *Mann*, 13 S.W.3d at 91-92. There, a police officer observed Mann drive his vehicle completely upon the curb before returning to the roadway. *Id.* at 91. As Mann approached a curve, he drove his vehicle in a straight line and would have hit another vehicle head-on but for the other driver's evasive action. *Id.* Fearing Mann was "going to kill or injure someone," the officer performed a traffic stop. *Id.* When Mann exited his vehicle, he was unsteady and leaned on his car for support; his clothes were in disarray and had a "strong odor of alcohol." *Id.* Several officers believed Mann was intoxicated. *Id.* At trial, another police officer opined Mann's vehicle could have caused serious bodily injury or death. *Id.* The jury convicted Mann of felony DWI with an affirmative finding on use of a deadly weapon. *Id.* at 90.

On appeal, Mann argued the jury's deadly-weapon finding was improper. *Id.* at 91-92. The court of appeals held there was sufficient evidence to support the deadly-weapon finding, considering: (1) Mann "almost hit another vehicle head-on" when his vehicle crossed the center line; (2) the reason a collision did not occur was because the oncoming vehicle "took evasive action;" and (3) opinion testimony by an officer experienced in reconstructing accidents showed that a collision under the circumstances was capable of causing death or serious bodily injury. *Id.* The Court of Criminal Appeals affirmed and expressly adopted the lower court's opinion,

concluding the near-collision sufficed to establish more than a merely hypothetical danger of death or serious bodily injury to another. *Mann*, 58 S.W.3d at 132; *Moore*, 520 S.W.3d at 909 (discussing *Mann*'s holding).

As we discuss below, we come to a similar conclusion regarding Smith's use of his vehicle.

## II.    The Evidence Supports the Deadly-Weapon Finding

Smith does not contest he "used or exhibited" the truck during the DWI. Smith only argues the third element of a deadly-weapon finding: he asserts the evidence does not support anyone was actually endangered by his intoxicated driving, and thus, the deadly-weapon finding is unsupported.

Here, State's witness Michael Larranaga testified he was driving on Interstate Highway 35 in Dallas when Smith's truck came from the right side, crossing three or four lanes of traffic. Smith "almost sideswiped" Larranaga and "came in front of me and pushed me to the shoulder." Larranaga had to take evasive action to avoid being struck by Smith's truck. Smith then almost hit several other cars. And, Smith went from the leftmost lane all the way over to the right lane, forcing a vehicle occupying that lane off the road. Larranaga opined that vehicle went off the road in an evasive effort to avoid being struck by Smith. Larranaga also observed Smith strike several road barriers. The 911 audio corroborated Larranaga's testimony.

Sergeant McLellan caught up with Smith's truck on State Highway 183. His dash-camera video showed Smith veering over traffic lane lines and striking

concrete barricades as Smith exited the highway. Dash-camera and body-camera videos also showed an unsteady Smith exiting his truck after McLellan performed a traffic stop. Sergeant McLellan testified Smith was "terribly" intoxicated. Smith's blood alcohol level was 0.204, more than double the minimum to qualify as "intoxicated." *See* TEX. PENAL CODE § 49.01(2)(B).

Detective Jason Massey of the Dallas Police Department testified he had investigated well over 100 fatality crashes as a vehicle-crimes detective. Massey listened to the 911 audio and viewed the dash-camera video. Massey opined Smith was operating his truck in a manner capable of causing death or serious bodily injury.

Based on the foregoing evidence, the trial court could have found beyond a reasonable doubt Smith's vehicle was used or exhibited as a deadly weapon. The evidence showed Smith placed others in actual danger of death or serious bodily injury. As in *Mann*, the evidence showed Smith's vehicle veered across numerous lanes and nearly struck several vehicles. *Mann*, 13 S.W.3d at 91-92. Collisions were avoided solely because the other drivers took evasive action, and Smith forced at least one car off the road. *Id.* And, an officer experienced in fatal vehicle accidents testified a collision under the circumstances could cause death or serious bodily injury. *Id.* Legally sufficient evidence supported the trial court's deadly-weapon finding. *Id.*; *Drichas*, 175 S.W.3d at 798 (evidence legally sufficient to support deadly-weapon finding in DWI case where defendant recklessly pulled out of a gas station, failed to yield to oncoming traffic, weaved between lanes, knocked down

barricades, and drove on the wrong side of the road); *Davis v. State*, 964 S.W.2d 352, 354 (Tex. App.—Fort Worth 1998, no pet.) (evidence sufficient to support the deadly-weapon finding in appellant's DWI conviction, where police officer testified appellant weaved and drove in the oncoming lane of traffic four or five times and had to take "evasive action" to avoid hitting another car in the oncoming lane).

Smith generally cites *Cates v. State*, 102 S.W.3d 735 (Tex. Crim. App. 2003), *Brister v. State*, 449 S.W.3d 490 (Tex. Crim. App. 2014), and *Williams v. State*, 970 S.W.2d 566, 566 (Tex. Crim. App. 1998) to support his argument against the deadly-weapon finding. However, these cases are factually distinguishable. In *Cates*, the court held the deadly-weapon finding was not supported where there was no evidence anyone was actually endangered. *Cates*, 102 S.W.3d at 738. There was no evidence Cates was speeding, and a witness testified there was no other traffic on the road and Cates's vehicle never left the roadway. *Id.* In *Brister*, the court found the evidence insufficient because the defendant, on a single occasion, briefly crossed the center line into the oncoming lane of traffic at a time at which there were very few, if any, cars in that lane. *Brister*, 449 S.W.3d at 495. There was no testimony the defendant caused another vehicle or person to be in actual danger. *Id.* And in *Williams*, the evidence showed no one else was on the road at the time of the defendant's intoxicated driving, and therefore the State failed to prove the vehicle was capable of causing death or serious bodily injury. *Williams v. State*, 946 S.W.2d

432, 435-36 (Tex. App.—Fort Worth 1997), *aff'd in part, rev'd in part*, 970 S.W.2d 566 (Tex. Crim. App. 1998).

In contrast, the evidence here showed Smith was driving on interstate and state highways with multiple vehicles in his vicinity during his DWI. Smith veered across lanes of traffic, and several of the vehicles had to take evasive action to avoid being struck, with one vehicle driven off the road. The trial court could have concluded beyond a reasonable doubt Smith actually placed others in danger of death or serious bodily injury by use of his vehicle. *Drichas*, 175 S.W.3d at 798; *Mann*, 13 S.W.3d at 91-92; *Davis*, 964 S.W.2d at 354. Accordingly, there is legally sufficient evidence to support the trial court's deadly-weapon finding. We overrule Smith's sole issue.

## CONCLUSION

Based on the evidence presented at trial, the trial court could have concluded beyond a reasonable doubt Smith actually placed others in danger of death or serious bodily injury when Smith drove his vehicle while intoxicated. Therefore, legally sufficient evidence supports the trial court's deadly-weapon finding. Accordingly, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230361F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

MATTHEW BRADLEY SMITH,
Appellant

No. 05-23-00361-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas Trial Court Cause No. F22-00362-W. Opinion delivered by Justice Partida-Kipness. Justices Nowell and Smith participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of May, 2024.