

# IN THE
# TENTH COURT OF APPEALS

No. 10-23-00416-CR

**VIRGIL BRYANT III,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 443rd District Court**
**Ellis County, Texas**
**Trial Court No. 48897CR**

## MEMORANDUM  OPINION

A jury convicted Virgil Bryant III of the felony offense of driving while intoxicated – third offense or more and found that Bryant's vehicle was used as a deadly weapon in commission of the offense.  *See* TEX. PENAL CODE ANN. §§ 1.07(a)(17)(B), 49.04, 49.09(b). Bryant pled true to four felony enhancement paragraphs, and punishment was assessed at ninety-nine years in the Texas Department of Criminal Justice – Institutional Division.

In his sole issue on appeal, Bryant contends that the evidence is insufficient to support the jury's deadly weapon finding. We affirm.

STANDARD OF REVIEW

The Court of Criminal Appeals has expressed our standard of review of sufficiency issues as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider whether, after viewing all of the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.; see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

ANALYSIS

To hold evidence legally sufficient to sustain a deadly weapon finding, the evidence must demonstrate that: (1) the object meets the definition of a deadly weapon; (2) the deadly weapon was used or exhibited during the transaction on which the felony conviction was based; and (3) that other people were put in actual danger. *Brister v. State*, 449 S.W.3d 490, 494 (Tex. Crim. App. 2014). A "deadly weapon" is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B). A motor vehicle can be a deadly weapon if it is used in a manner capable of causing death or serious bodily injury to others. *See Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003). "Others" means individuals other than the actor himself. *Brister*, 449 S.W.3d at 494. To determine whether a motor vehicle is a deadly weapon, we evaluate the manner in which the defendant used the vehicle during the felony and consider whether, during the felony, the vehicle was

capable of causing death or serious bodily injury. *Sierra v. State*, 280 S.W.3d 250, 255 (Tex. Crim. App. 2009). In reviewing the manner in which Bryant used the vehicle during the felony, we examine whether his driving was reckless or dangerous in light of several factors, including: (1) intoxication, (2) speeding, (3) disregarding traffic signs and signals; and (4) driving erratically. *See id.*; *Tyra v. State*, 897 S.W.2d 796, 798-99 (Tex. Crim. App. 1995); *Drichas v. State*, 175 S.W.3d 795, 797 (Tex. Crim. App. 2005); *Mann v. State*, 13 S.W.3d 89, 91-92 (Tex. App.—Austin 2000), *aff'd*, 58 S.W.3d 132 (Tex. Crim. App. 2001).

Bryant relies on *Brister* to support his insufficiency argument. *See Brister*, 449 S.W.3d at 491-95. We are not persuaded by Bryant's factual comparison between *Brister* and the instant case. In *Brister*, the extent of the evidence supporting the deadly-weapon finding was that the appellant briefly crossed into the oncoming lane of traffic on one occasion when very few, if any, cars were in that lane. *Id.* at 491-92. The Court of Criminal Appeals found that there was no reasonable inference that the appellant used his motor vehicle as a deadly weapon where there was no evidence that the appellant caused another vehicle or person to be in actual danger. *Id.* at 495. In contrast, the record in this case supports a finding that Bryant used his vehicle in a manner that caused actual danger to others and was capable of causing serious bodily injury or death. Here, a concerned citizen called 9-1-1 after observing the driver of a white pickup truck – later identified as Bryant – driving erratically on the highway for approximately two miles. A recording of the 9-1-1 call was admitted into evidence without objection and published to the jury. As

the caller followed the white truck, he advised dispatch that he witnessed the vehicle nearly drive off the road twice, nearly hit a guardrail, and fail to maintain a single lane of traffic. When dispatch asked the caller to provide the license plate number for the suspect vehicle, the caller initially indicated that he was too scared to get close enough to read it. The caller also described how the driver of the white truck ran two vehicles off the road and nearly sideswiped another vehicle, narrowly avoiding three separate wrecks. Further, the record reveals that Bryant's blood alcohol content was approximately three times the legal limit.

Accordingly, viewing the evidence under the appropriate standards and applicable law, we find that the record supports a conclusion that a rational trier of fact could have found beyond a reasonable doubt that Bryant used the vehicle as a deadly weapon. We overrule Bryant's sole issue on appeal.

## Conclusion

Having overruled Bryant's sole issue on appeal, we affirm the judgment of the trial court.


STEVE SMITH
Justice

Before Chief Justice Johnson,
        Justice Smith, and
        Justice Harris

Affirmed

Opinion delivered and filed January 30, 2025

Do not publish

[CRPM]

